HALL, Judge.
Plaintiff, a subcontractor, brought suit against the general contractor for $1,062.00, representing the unpaid balance of his subcontract price, and for an additional sum of $1,500.00 representing unspecified damages. Following trial on the merits the Trial Judge rendered 'judgment in plaintiff’s favor for the $1,062.00 balance due on the subcontract but dismissed plaintiff’s claim for damages. Defendant appealed. Plaintiff neither appealed nor answered the appeal; consequently his claim for damages is not at issue here.
The defendant general contractor admits it withheld the sum of $1,062.00 from plaintiff’s subcontract price but relies on the position that it is entitled to certain credits or back charges against plaintiff which offset the amount of plaintiff’s claim.
In his written “Reasons for Judgment” the Trial Judge said in part:
“The Court believes that the defendant is entitled to some credit on each of the items * * *. However, the Court is of the opinion that the amount of credit to which the defendant would be entitled has not been proven with the definiteness and certainty required by the law.”
The sole question before us is whether defendant has adequately proved its defense.
Defendant, having contracted to construct and/or renovate three schools for the Jefferson Parish School Board, subcontracted the plumbing work to plaintiff by written subcontract dated July 2, 1963. The three schools were the Frederick Douglas School, the Bunche Village School *875 and the Greenlawn Terrace School. The general contract provided for liquidated damages of $50.00 per day for each day the completion of the projects was delayed beyond October 7, 1963, and the subcontract contained a stipulation for an equal amount of liquidated damages in the event of plaintiff’s failure to timely perform his subcontract.
Work began on the schools about a week or ten days after the execution of the general contract but was not fully completed until the latter part of January 1964. The School Board in effect excused 140 days of the 174 days delay in completion on account of bad weather but assessed liquidated damages against defendant in the sum of $1,700.00 for the remaining 34 days.
Defendant contends that 14 of the 34 days delay was occasioned by plaintiff and claims a credit of $700.00 liquidated damages against plaintiff on this account. Defendant claims an additional credit against plaintiff in the aggregate sum of $362.00 for physical damage allegedly caused by plaintiff, for various items of corrective work done by defendant, and for the expense of furnishing heaters for the Green-lawn Terrace School, all as per an itemized list attached to defendant’s answer.
We shall first consider the items composing defendant’s claim for $362.00 credit. They are as follows:
Bunche Village School
Backfill gas and water lines $ 38.17 H
Machine back filling 10.00 oi
Damage to forms 19.84 CO
Frederick Douglas School
4. Damage 4 sets forms 39.68
Greenlawn Terrace School
Backfill steam and water-lines 39.36 in
Mopping floor due to flooding 16.70 p\
Rental of butane heaters 188.49 N
One mason foreman 9.77 OO
$362.01
We are of the opinion that defendant has not adequately proved the monetary amount of any of these back charges.
Defendant contends plaintiff failed to backfill certain trenches (items numbered 1 and 5 supra) and that this work had to be <jone by defendant. Plaintiff denies that this occurred. However assuming that it did occur defendant failed to prove the cost to it of doing the work. While there is testimony showing the hourly rate of pay of defendant’s laborers, the record is absolutely devoid of any testimony concerning the length of time or the number of laborers that were required to do this back-filling.
Defendant contends that it had to hire a machine to do certain backfilling work (item 2 supra) and while there is testimony showing the rental rate per hour of this machine, there is no proof whatever of the length of time it was hired.
Another item of credit claimed by defendant is the damage allegedly caused by plaintiff to certain concrete forms (items 3 and 4 supra). Defendant in our opinion again failed to offer adequate proof of the amount of credit due therefor because it offered only the testimony of its president, Mr. Benton, who testified that he “thought” the forms cost sixty-four cents per square foot and he “believed” a certain number of square feet were damaged by plaintiff.
Item 6 supra is for mopping water due to flooding from the testing of the boiler and heating system. The testimony reveals that two of defendant’s laborers assisted plaintiff in mopping up the water. Whether their assistance was required or was purely voluntary and gratuitous is debatable. However although the testimony shows the hourly rate of pay of these laborers, the record is again devoid of any proof of the number of hours they spent on mopping.
The rental of butane heaters (item 7 supra) is the next credit claimed by defendant. These heaters were used during a cold wave before the boiler for the heat *876 ing system was installed by plaintiff. Plaintiff contends that he could not install the boiler sooner because the roof over the boiler room leaked. Be that as it may there is insufficient proof in the record upon which a definite sum could be awarded defendant for the rental of the heaters. Mr. Benton testified that he “believed” four heaters were rented but he was “not sure”. Defendant offered no other evidence as to the number of heaters rented and no evidence at all concerning the length of time they were rented.
The last item (item 8 supra) is a charge for a mason foreman to repair an allegedly defective wall condition where one of plaintiff’s gas lines entered. Without considering the validity of this claim we find that here again the record is devoid of any proof of how long the foreman worked at repairing the alleged defect and there is no way for us to determine the correctness of the charge therefor.
Although all of the amounts going to make up defendant’s $362.00 back charges were susceptible of definite proof we are of the opinion that defendant has not adequately proved any of them.
We come now to defendant’s claim for liquidated damages. As we have seen the School Board assessed defendant $1,700.00 in liquidated damages for 34 days delay in completion of the projects at the rate of $50.00 per day. Mr. Benton, defendant’s president, testified that he back charged 14 of the 34 days delay to plaintiff; that 2 days of the delay were back charged to Victory Iron Works, another subcontractor, and that his corporation absorbed the other 18 days. As far as the record reveals defendant’s allocation of the delay was purely arbitrary.
While the record reveals that there was considerable delay in the completion of all three schools and while it also reveals that plaintiff was slow in the performance of at least some parts of his job, there is nothing in the record which establishes with any degree of certainty how much delay in the ultimate completion of the projects is chargeable to plaintiff.
Defendant points out that the Trial Judge found as a fact that “defendant is entitled to some credit on each of the items” of his claim, and contends that where a party has suffered obvious damage, but the quantum is not susceptible of the most accurate proof, the Court must exercise its own discretion in assessing such damages predicated on the evidence adduced (citing Sutherlin Sales Co. v. United Most Worshipful etc., La.App., 127 So.2d 253; Campo v. LaNasa, La.App., 173 So.2d 365) and that in such cases it is mandatory that the Court exercise such discretion and assess such damages, (citing Germann v. 557 Tire Co., Inc., 167 La. 578, 120 So. 13; Schmidt v. City of New Orleans, 160 La. 281, 107 So. 110)
However as pointed out by Judge Regan in the Sutherlin case supra cited by defendant it is incumbent upon the plaintiff in such cases to produce the best evidence available to prove his claim.
While we concede that defendant in the instant case could not be expected to prove with mathematical exactitude the precise number of days delay which might be attributable to plaintiff we find nothing in the record upon which we could even hazard a guess as to what percentage of the ultimate 34 days delay in completion was caused by plaintiff. The only evidence produced by defendant was the testimony of Mr. Benton, his superintendent Mr. Reno, and several letters written by Mr. Benton to plaintiff generally demanding that he speed up his work. This evidence gives no clue to what proportion of the delay was caused by plaintiff.
We are of the opinion that such a claim as this is susceptible of some proof and that defendant failed in its duty to produce the best evidence available to prove its claim, such as, for instance, its job records and testimony from other sub *877 contractors and workmen as to the extent of time their work was held up by plaintiff.
For the foregoing reasons the judgment appealed from is affirmed, costs of this appeal to be borne by defendant-appellant.
Affirmed.